TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture/General Crimes Sections
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569/1785
    Facsimile: (213) 894-0142/0141
    E-mail: Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>$930,858.02 IN BANK FUNDS,<br><br>        Defendant. | Case No. 2:21-CV-09203<br><br>COMPLAINT FOR FORFEITURE<br><br>18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6)<br><br>[FBI] |

Plaintiff United States of America brings this claim against defendant $930,858.02 in Bank Funds, and alleges as follows:

JURISDICTION AND VENUE

1.   The government brings this <u>in rem</u> forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6).

2.   This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $930,858.02 in Bank Funds (the "defendant bank funds") seized by law enforcement officers at First Republic Bank on or about April 20, 2021 pursuant to a federal seizure warrant, from an account with the last four digits ending in 5032, in the name of 353 S. Wetherly Dr. LLC and over which Michael Poliak and Jacob Levy (also known as Jacob Lavi) have signature authority.

6. The defendant bank funds are currently in the custody of the United States Marshals Service in this District, where they will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of 353 S. Wetherly Dr. LLC may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. Michael Poliak is a co-owner of U.S. Private Vaults ("USPV"), which is a company that rents safe deposit boxes to customers anonymously. He has engaged in extensive criminal activities, including drug trafficking, wire fraud, money laundering and structuring, as more fully detailed in the affidavit in support of a seizure warrant for, among other accounts, the First Republic Bank account with the last four digits ending in 5032, in the name of 353 S. Wetherly Dr. LLC ("Subject Account 3") and from which the defendant bank funds were seized. A true and correct copy of the

seizure warrant and affidavit is attached hereto as Exhibit A and incorporated herein by reference as if set forth in full.

9.   The affidavit reflects the following facts: $57,000.00, $300,000 and $30,000.00 of controlled substance proceeds were deposited into the account referenced as Subject Account One in the affidavit.  Affidavit at ¶ 26.  $200,000.00 was then paid from Subject Account One to purchase property on Crownridge Drive in Sherman Oaks, California.  Id. at ¶¶ 17 and 26.  Thereafter, the Crownridge Property was sold and, on March 5, 2021, $2,091,171 was wired from the escrow company handling the sale to Subject Account One.  Id. at ¶ 26.  From there, $1,500,000.00 was wired on March 25, 2021 to Subject Account 3.  Id.  As mentioned above, the government seized less than that amount (i.e., the defendant $930,858.04 in bank funds) from Subject Account 3, pursuant to a federal seizure warrant.

FIRST CLAIM FOR RELIEF

10.   Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

11.   Based on the above, plaintiff alleges that the defendant bank funds represent or are traceable to proceeds of illegal narcotic trafficking, were intended to be used in one or more exchanges for a controlled substance or listed chemical, or were used or intended to be used to facilitate a controlled substance or listed chemical violation, in violation of 21 U.S.C. § 841 et seq.  The defendant bank funds are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

SECOND CLAIM FOR RELIEF

12.   Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

13. Based on the above, plaintiff alleges that the defendant bank funds constitute or are derived from proceeds traceable to a controlled substance violation, which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D). The defendant bank funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### THIRD CLAIM FOR RELIEF

14. Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

15. Based on the above, plaintiff alleges that the defendant bank funds constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i) or (a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation.  The defendant bank funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### FOURTH CLAIM FOR RELIEF

16. Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

17. Based on the above, plaintiff alleges that the defendant bank funds constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957(a), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation. The defendant bank funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant bank funds;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant bank funds to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: November 24, 2021      TRACY L. WILKISON
                              United States Attorney
                              SCOTT M. GARRANGER
                              Assistant United states Attorney
                              Chief, Criminal Division


                                     /s/
                              _____
                              VICTOR A. RODGERS
                              MAXWELL COLL
                              Assistant United States Attorneys
                              Asset Forfeiture/General Crimes
                              Sections

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

VERIFICATION

I, Lyndon Versoza, hereby declare that:

1. I am a United States Postal Inspector employed by the United States Postal Inspection Service.

2. I have read the above Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or was obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 18, 2021 at Los Angeles, California.

_____
LYNDON VERSOZA