**CC: FISCAL**

# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cv-09203-FLA (SKx) |
| Plaintiff, | **CONSENT JUDGMENT OF FORFEITURE** [Dkt. 13] |
| v. | |
| $930,858.02 IN BANK FUNDS, | |
| Defendant. | |

Pursuant to the stipulation and request between Plaintiff United States of America and 353 S. Wetherly Dr. LLC ("the Potentially Interested Party"), the court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

Plaintiff United States of America ("the United States of America") has filed a Complaint for Forfeiture alleging that the defendant $938,858.02 In Bank Funds (the "defendant bank funds") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6).

The defendant bank funds were seized from an account with the last four digits ending in 5032, which is in the name of 353

1

S. Wetherly Dr. LLC and over which Michael Poliak and Jacob Levy (also known as Jacob Lavi) have signature authority.

The Potentially Interested Party has not filed a claim to the defendant bank funds, but would have done so if a settlement had not been reached in this matter as reflected in this Consent Judgment of Forfeiture.

No other parties have filed a claim to the defendant bank funds or an answer to the Complaint for Forfeiture and the time for filing claims and answers has expired.

The government and the Potentially Interested Party have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

Having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than the Potentially Interested Party. The court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true. The Potentially Interested Party is relieved of the obligation of filing a claim to the defendant bank funds and an answer to the Complaint for

Forfeiture.

4.  The United States of America shall have judgment as to the interests of the Potentially Interested Party and all other potential claimants to the defendant bank funds, which is hereby condemned and forfeited to the United States of America.  The United States of America shall dispose of the defendant bank funds in accordance with law.

5.  The Potentially Interested Party, Michael Poliak and Jacob Levy (also known as Jacob Lavi) (collectively, the "Releasing Parties"), and each of them, hereby release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Federal Bureau of Investigation, the United States Postal Service and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter (collectively, the "government agencies"), from any and all claims (including, without limitation any petitions for remission, which the Releasing Parties, and each of them, hereby withdraw, and any and all claims as to any currency, coins, silver bars, gold bars or any other property seized by the government agencies, or any of them, on or about March 22, 2021 during the execution of one or more search and seizure warrants at U.S. Private Vaults, Inc.), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf

of the Releasing Parties, or any of them, whether pursuant to statute or otherwise.

6. The court finds that there was reasonable cause for the seizure of the defendant bank funds and institution of these proceedings.

7. The parties hereto shall bear their own attorney's fees and costs.

8. Michael Poliak and Jacob Levy (also known as Jacob Lavi), and each of them, are authorized to forfeit the defendant bank funds on behalf 353 S. Wetherly Dr. LLC.

9. The United States of America and the Potentially Interested Party consent to this judgment and waive any right to appeal.

IT IS SO ORDERED.

Dated: March 11, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge